**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Raymond P. Moore**

Civil Action No. 13-cv-00089-RM-KLM

LEHMAN BROTHERS HOLDINGS INC.,

      Plaintiff,

v.

UNIVERSAL AMERICAN MORTGAGE COMPANY, LLC,

      Defendant.

---

**ORDER DENYING DEFENDANT'S MOTION TO TRANSFER VENUE (ECF No. 15)**

---

This matter comes before the Court on Defendant Universal American Mortgage Company, LLC's "Motion to Enforce Compliance with Court Order and to Transfer Venue" ("Motion") (ECF No. 15). Subsequent to the filing of the Motion, Defendant withdrew that portion of the Motion which sought to enforce an order issued by the U.S. District Court for the Southern District of Florida ("SDFL"). (ECF No. 18.) Accordingly, the remaining issue before this Court is whether Defendant has established this case should be transferred to the SDFL pursuant to 28 U.S.C. § 1404(a). (ECF No. 24.) The Court has jurisdiction pursuant to 28 U.S.C. § 1332. (ECF Nos. 4, 8, 9.) Based on a review of the papers, the applicable law, and for the reasons stated below, Defendant's Motion is DENIED.

# I. BACKGROUND

Plaintiff seeks redress for Defendant's alleged breach of contract with respect to one of eight mortgage loans.  (ECF No. 7, Amended Complaint, ¶¶ 1-2; ECF No. 15.)  The claim ("Claim") before this Court was one of several claims Plaintiff filed in a single action before the SDFL.  Pursuant to an order issued by the SDFL, that court dismissed the Claim and six others without prejudice with leave to re-file each as a separate action/complaint.  (ECF Nos. 7 & 15.)  Plaintiff re-filed the Claim and six others as seven separate actions[1] but chose to do so in the District of Colorado.  After re-filing the claims as separate actions, Plaintiff moved to consolidate the actions which motion Judge Arguello, to whom the first action filed was assigned, denied.  (Civil Action No. 13-cv-00087-CMA-MJW, ECF No. 21.)  Defendant filed motions to transfer venue in all seven actions.  Six of the motions have been denied leaving the Motion before this Court as the final pending motion on the issue.

As relevant to the Motion, Plaintiff alleges it is a Delaware corporation with its principal place of business in New York, New York.  (ECF No. 7, ¶ 3.)  Defendant is a Florida limited liability company with its principal place of business in Miami, Florida; has been registered to do business in Colorado since 2002; and has maintained an agent in Colorado for the last ten years.  (ECF No. 7, ¶¶ 4, 8.)  Defendant's business in Colorado includes mortgage lending operations and it has an office in Englewood, Colorado.  (ECF No. 7, ¶ 9; ECF No. 22-1.)

In 2004, Defendant entered into a business relationship with Plaintiff for Defendant to sell residential mortgage loans to Plaintiff.   That relationship was overseen by Aurora Loan

---

[1] The six other actions are Civil Action No. 13-cv-00087-CMA-MJW; No. 13-cv-00088-CMA-MEH; No. 13-cv-00090-PAB-MJW; No. 13-cv-00091-REB-KMT; No. 13-cv-00092-WJM-BNB; and No. 13-cv-00093-CMA-MJW.

Services, Plaintiff's subsidiary based in Littleton, Colorado.  (ECF No. 7, ¶10.)  In 2005, Defendant entered into a loan purchase agreement with Plaintiff's assignor.  (ECF No. 7, ¶¶ 15, 19-21.)  Pursuant to the terms of such agreement, as amended, Defendant sold mortgage loans to assignor, including Loan ****1180.  (ECF No. 7, ¶¶ 19-22.)  Due to alleged breaches with respect to Loan ****1180, and pursuant to the terms of the agreement, Plaintiff requested Defendant to repurchase that loan and/or indemnify Plaintiff for its losses due to such loan, but Defendant refused.  (ECF No. 7, e.g., ¶¶ 31-35.)  The division of Plaintiff that oversees its residential mortgage loss recovery program is based in Greenwood Village, Colorado and its witnesses and documents are located there.  (ECF No. 7, ¶ 12.)  The laws of the State of New York govern the agreement.  (ECF No. 7, ¶ 36.)

## II.  ANALYSIS

Pursuant to 28 U.S.C. § 1404(a), a district court may transfer any civil action to any other district where it might have been brought "[f]or the convenience of parties and witnesses, in the interest of justice."   In evaluating a motion to transfer under § 1404(a), the following discretionary factors are to be weighed:

> the plaintiff's choice of forum; the accessibility of witnesses and other sources of proof, including the availability of compulsory process to insure attendance of witnesses; the cost of making the necessary proof; questions as to the enforceability of a judgment if one is obtained; relative advantages and obstacles to a fair trial; difficulties that may arise from congested dockets; the possibility of the existence of questions arising in the area of conflict of laws; the advantage of having a local court determine questions of local law; and . . . all other considerations of a practical nature that make a trial easy, expeditious and economical.

3

*Employers Mut. Cas. Co. v. Bartile Roofs, Inc.,* 618 F.3d 1153, 1167 (10th Cir. 2010)

(quoting *Chrysler Credit Corp. v. Country Chrysler, Inc.,* 928 F.2d 1509, 1516 (10th Cir.

1991)).  The party moving to transfer venue bears the burden of establishing that the

balance of factors strongly favors a transfer of venue.  *Id.* at 1167 & 1168 n.13.

Based on the record before it, the Court finds Defendant has failed to show the factors

weigh in favor of a transfer.  First, although Plaintiff's principal place of business is not in

Colorado, it chose to file here where it does business and has an office which has connections to

the Claim at issue.  Accordingly, Plaintiff's choice of forum is entitled to some deference.  *See*

*Employers Mut. Cas. Co. v. Bartile Roofs, Inc., supra* at 1167-1168.

Defendant argues Plaintiff's choice of forum should be given less weight because it

litigated the Claim in Florida for almost two years and asserted venue was proper there, and the

filing of the lawsuit here is nothing more than improper forum shopping.  In a footnote,

Defendant points to the fact that Plaintiff attempted to reset the original disposition in the SDFL

case in this District with its unsuccessful motion to consolidate.

The fact that venue was – and is – also proper in Florida, however, does not make this

forum any less proper.  Plaintiff's attempt to consolidate the seven actions in this District does

raise the question of whether such attempt supports a fair inference of improper forum shopping.

The Court, however, recognizes that inherent in the existence of choices of forums is that it

affords a party the ability to choose among appropriate forums, *i.e.*, forum shop, and to seek a

forum it determines to be the most beneficial to its case.  It is also mindful that the SDFL

specifically stated that it left to Plaintiff's discretion as to whether to re-file and *where* to re-file. In light of the foregoing, Plaintiff's choice of forum is still entitled to some deference.

Next, as for the convenience of the parties and witnesses, Defendant is a Florida-based company and therefore Florida would be more convenient for it to defend this case.  The fact that Plaintiff had been litigating the Claim (and the six others) in Florida shows it would not be inconvenient for Plaintiff to litigate in Florida.  Nonetheless, the Rule 30(b)(6) depositions of the respective parties have already been taken, albeit in Florida.  Further, Defendant did not dispute that Plaintiff's division that oversees the residential mortgage loss recovery program is based in Greenwood Village, Colorado, and it has corporate representatives, witnesses and documents in Colorado.  More importantly, Defendant did not identify witnesses and their locations; indicate the quality or materiality of their testimony; or show that any such witnesses are unwilling to come to trial, that deposition testimony would be unsatisfactory, or that the use of compulsory process would be unnecessary.   Finally, in light of the six other pending cases before this District, it appears it would be inconvenient for both parties to have to litigate this seventh case in Florida.  Accordingly, Defendant has not shown that a transfer should be made for the convenience of parties and witnesses.  *See Employers Mut. Cas. Co. v. Bartile Roofs, Inc., supra* at 1169.

Defendant implicitly argues the cost of making necessary proof weighs in favor of a transfer due to the expense of hiring local counsel and the location of its principal place of business in Florida.  The Court recognizes it may be more expensive for Defendant to litigate in

Colorado rather than Florida but in light of the six other pending cases in this District, this factor no longer carries the weight it might otherwise have carried.

Defendant essentially hangs its hat on the fact that the Claim had already been litigated in Florida for almost two years, the proposition that Plaintiff is simply forum/judge shopping, and argument that the interest of justice dictates a transfer.  Plaintiff argues it could not have been forum shopping for Colorado law over Florida law as New York law governs this dispute. Plaintiff also contends the interests of justice, including judicial economy, weigh in favor of this District in light of the six other pending cases.  Finally, Plaintiff asserts that even if it had re-filed in Florida, the seven cases would have been blindly assigned to different judges who had not presided over the previous SDFL action.

The Court finds merit in Plaintiff's argument and is not persuaded this case should be transferred based on improper forum shopping or under the factors identified in *Employers Mut. Cas. Co. v. Bartile Roofs, Inc., supra*.  As previously discussed, Plaintiff was not required to re-file in any particular forum and chose to do so in a forum which admittedly has connections to the parties' dispute.  If Plaintiff had re-filed in Florida, this case along with the six others would have been blindly assigned to various judges.  (Motion, ECF No. 15, Exhibit 5, page 67.)  New York law governs the parties' dispute, regardless of the forum.  Defendant has not shown that any essential witness or evidence will be unavailable at trial in Colorado or addressed some of the other factors the Court should weigh.  In sum, Defendant has not established the existing forum is inconvenient or the interest of justice supports a transfer.

### III.  CONCLUSION

For the reasons stated above, Defendant has failed to show this case should be transferred "[f]or the convenience of the parties and witnesses, in the interest of justice."  28 U.S.C. § 1404(a).   Accordingly, it is

ORDERED the Defendant's Motion to Enforce Compliance with Court Order and to Transfer Venue (ECF No. 15) is DENIED.

DATED this 3rd day of October, 2013.

BY THE COURT:

RAYMOND P. MOORE
United States District Judge