IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-00089-WJM-KLM

LEHMAN BROTHERS HOLDINGS INC.,

    Plaintiff,

v.

UNIVERSAL AMERICAN MORTGAGE COMPANY, LLC,

    Defendant.

_____

**ORDER**
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on Defendant **Universal's Motion for Leave to Amend the Scheduling Order** [#45][1] (the "Motion"). Plaintiff filed a Response [#47] in opposition to the Motion, and Defendant filed a Reply [#48]. The Court has reviewed the Motion, the Response, the Reply, the entire docket, and the applicable law, and is sufficiently advised in the premises. For the reasons set forth below, the Motion [#45] is **GRANTED**.

**I. Background**

In short, this case pertains to Plaintiff's purchase of a residential mortgage loan from Defendant. *See Compl.* [#1] at ¶ 1; *Sched Order* [#42] at § 4(3). Plaintiff alleges that Defendant breached a written Loan Purchase Agreement dated September 30, 2005 and

---

[1] "[#45]" is an example of the convention the Court uses to identify the docket number assigned to a specific paper by the Court's case management and electronic case filing system (CM/ECF). This convention is used throughout this Order.

amended October 1, 2006, and a Seller's Guide. *Compl.* [#1] at ¶¶ 13-16, 36-41. As a result, Plaintiff seeks monetary damages of more than $90,000, interest, fees, and costs. *Id.* at ¶ 41. Plaintiff initially brought the breach of contract claim asserted here in a lawsuit filed in the Southern District of Florida (the "Florida Action"). *Id.* at ¶ 2. However, the claim was dismissed without prejudice from that case "to be re-filed as a separate cause of action because the District Judge was of the opinion that each loan must be filed separately, rather than joined within one action." *Id.*

In the instant Motion [#45], Defendant seeks leave to amend the Scheduling Order [#42] to extend the discovery deadline for the limited purpose of deposing Plaintiff's Fed. R. Civ. P. 30(b)(6) designee regarding "loan defects specific to this case." *Motion* [#45] at 2. Defendant states that written discovery was exchanged in March 2014 but that no depositions "have been taken in this case." *Id.* However, when the loan at issue was part of the claims asserted in the Florida Action, Defendant deposed a Rule 30(b)(6) designee of Plaintiff but "did not focus specifically on the facts of [this] loan." *Id.* at 2 n.1. Defendant explains that on April 9, 2014, Defendant's counsel "sent an email to [Plaintiff's] counsel seeking the availability of [Plaintiff's] Rule 30(b)(6) corporate representative for deposition." *Id.* at 2. Receiving no response, defense counsel sent another email on April 15, 2014 regarding the same request. *Id.* In response, Plaintiff's counsel "made it known that he believed [Defendant's] request was untimely under Local Rule 30.1(A) and therefore, refused to provide any dates for the deposition of [Plaintiff's] corporate representative." *Id.* Defendant argues that it "requested a deposition on a date that it reasonably believed in good faith to be within a reasonable period prior to the discovery cutoff." *Id.* Defendant further argues that the deposition is necessary because "Plaintiff has during the discovery

2

period asserted additional allegations of loan defects not previously alleged in its pleadings." *Id.* at 3.

In its Response, Plaintiff argues that Defendant fails to demonstrate good cause to amend the Scheduling Order. *Response* [#47] at 1. Plaintiff maintains that "[Defendant's] first attempt to confer with [Plaintiff's] counsel occurred on April 9, seven business days prior to the close of discovery." *Id.* at 3. Plaintiff avers that "[g]iven the impending discovery cutoff, [Defendant's] request for a deposition to occur the following week violated Local Rule 30.1(A)." *Id.* at 3. Plaintiff further argues that Defendant cannot demonstrate that it could not meet the deadline to notice the requested deposition despite its diligent efforts. *Id.*[2]

In its Reply, Defendant argues that it "has made the requisite showing" of good cause. *Reply* [#48] at 1. In support of this position, Defendant maintains that it diligently pursued discovery in this case. *Id.* at 1-2.

## II. Applicable Rules

Pursuant to Fed. R. Civ. P. 30(b)(1), "[a] party who wants to depose a person by oral questions must give reasonable written notice to every other party." D.C.COLO.LCivR 30.1 governs noticing depositions and specifically defines "reasonable" written notice.

---

[2] The Response also mentions in a footnote that Plaintiff believes there is some basis for the Court to strike the Motion and award Plaintiff fees and costs incurred in responding to the Motion. *Response* [#47] at 1 n.1. In addition, in its conclusion to the Response, Plaintiff asks the Court to order Defendant to pay Plaintiff's "fees incurred in responding to th[e] Motion . . . ." and offers a citation to 28 U.S.C. § 1927 in support of this request. *Id.* at 4-5. However, pursuant to D.C.COLO.LCivR 7.1(d), "[a] motion shall not be included in a response or reply to the original motion." Accordingly, the Court does not address this issue herein. If Plaintiff wishes to seek fees and costs pursuant to 28 U.S.C. § 1927, it must file a separate motion that meets D.C.COLO.LCivR 7.1(d)'s requirement that a motion be "supported by a recitation of legal authority incorporated into the motion."

3

Pursuant to Local Rule 30.1:

> Unless otherwise ordered by the court, reasonable notice for taking a deposition shall be not less than 14 days, as computed under Fed. R. Civ. P. 6. Before sending a notice to take a deposition, counsel or the unrepresented party seeking the deposition shall make a good faith effort to schedule it in a convenient and cost effective manner.

D.C.COLO.LCivR 30.1. Therefore, pursuant to the applicable rules, a party noticing a deposition for oral testimony must provide notice of the deposition at least 14 days prior to the noticed deposition date. Further, prior to sending the notice, that party must attempt to confer to find a date that is convenient.

### III. Standard

As an initial matter, numerous courts have noted, and the undersigned agrees, that a "Scheduling Order is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril." *See, e.g.*, *Washington v. Arapahoe Cnty. Dep't of Soc. Servs.*, 197 F.R.D. 439, 441 (D. Colo. 2000) (citations omitted). Scheduling Order deadlines "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b). To demonstrate good cause pursuant to Rule 16, the moving party must "show that it has been diligent in attempting to meet the deadlines, which means it must provide an adequate explanation for any delay." *Strope v. Collins*, 315 F. App'x 57, 61 (10th Cir. 1009) (citation omitted); Minter *v. Prime Equip. Co.*, 451 F.3d 1196, 1205 n.4 (10th Cir. 2006). "Properly construed, 'good cause' means that scheduling deadlines cannot be met despite a party's diligent efforts . . . . Carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief." *Colo. Visionary Acad. v. Medtronic, Inc.*, 194 F.R.D. 684, 687 (D. Colo. 2000) (internal quotation and citation omitted). *Accord Summers v. Mo. Pac. R.R. Sys.*, 132 F.3d 599, 604 (10th Cir. 1997)

(holding that "total inflexibility is undesirable" in the context of a motion to adopt a new scheduling order).

The decision to modify the Scheduling Order "is committed to the sound discretion of the trial court." *Smith v. United States*, 834 F.2d 166, 169 (10th Cir. 1987); *see also Benton v. Avedon Eng'g, Inc.*, No. 10-cv-01899-RBJ-KLM, 2013 WL 1751886, at *1 (D. Colo. April 23, 2013). When exercising its discretion, the Court considers the following factors: (1) whether trial is imminent; (2) whether the request to reopen or extend discovery is opposed; (3) whether the non-moving party would be prejudiced; (4) whether the moving party was diligent in obtaining discovery within the guidelines established by the Court; (5) the foreseeability of the need for additional discovery in light of the time allowed for discovery by the Court; and (6) the likelihood that the discovery will lead to relevant evidence. *Smith*, 834 F.2d at 169 (citations omitted). While "the [Scheduling Order] defines a lawsuit's boundaries in the trial court and on appeal, 'total inflexibility is undesirable.'" *Summers*, 132 F.3d at 604 (citations omitted). However, the Court notes that a scheduling order plays an important role in the management of a case and should not be unnecessarily amended. *Cf. Washington*, 197 F.R.D. at 441 (noting that a "scheduling order is an important tool necessary for the orderly preparation of a case for trial"); *Rent-a-Center, Inc. v. 47 Mamaroneck Ave. Corp.*, 215 F.R.D. 100, 101 (S.D.N.Y. 2003) (stating that "scheduling orders are designed to offer a degree of certainty in pretrial proceedings, ensuring that at some point both the parties and the pleadings will be fixed and the case will proceed").

## IV. Analysis

**A.   Imminence of Trial**

The first factor addresses whether trial is imminent. *Smith*, 834 F.2d at 169. Here, trial has not yet been set, and the Final Pretrial Conference will not be held until September 18, 2014. *See Sched. Order* [#42] at § 10(a). Thus, trial is not imminent. The Court therefore finds that the first factor weighs in favor of allowing amendment of the Scheduling Order.

**B.   Opposition to Request**

The second factor addresses whether the moving party's request is opposed. *Smith*, 834 F.2d at 169. Here, Defendant opposes the amendment. *See generally Response* [#47]. The Court therefore finds that the second factor weighs against allowing amendment of the Scheduling Order.

**C.   Prejudice**

The third factor addresses whether the non-moving party would be prejudiced. *Smith*, 834 F.2d at 169. Here, Plaintiff has identified no specific prejudice to which it may be subjected if the Scheduling Order is amended to allow additional time for Defendant to properly notice and take a deposition of Plaintiff's corporate representative. The Court therefore finds that the third factor weighs in favor of allowing amendment of the Scheduling Order.

**D.   Diligence**

The fourth factor addresses whether the moving party was diligent in obtaining discovery within the guidelines established by the Court. *Smith*, 834 F.2d at 169. As

Plaintiff argues, Defendant has offered no argument or explanation for why it could not notice the Rule 30(b)(6) deposition within the discovery period allowed in the Scheduling Order. While Defendant argues that the parties diligently engaged in discovery in this case, the Florida action, and other cases involving claims that were initially asserted in the Florida Action, *see Reply* [#48] at 1-2, Defendant offers no explanation for its delay in attempting to confer regarding the deposition of Plaintiff's designee, nor does Defendant address its delay in noticing the deposition. While Fed. R. Civ. P. 30 only requires that a party give "reasonable written notice," Local Rule 30.1 makes clear that "reasonable notice" requires that notice be given at least 14 days prior to the deposition. Defendant did not even attempt to confer with Plaintiff's counsel until April 9, 2014, or nine days prior to the discovery cut-off. Accordingly, the Court cannot find that Defendant was diligent in attempting to meet the deadline for noticing the deposition or in attempting to confer with Plaintiff's counsel regarding the deposition. Therefore, the Court finds that the fourth factor weighs against allowing amendment of the Scheduling Order.

**E.     Foreseeability**

The fifth factor addresses the foreseeability of the need for additional discovery in light of the time allowed for discovery by the Court. *Smith*, 834 F.2d at 169. In this case, the Court entered the Scheduling Order [#42] on December 18, 2013, and set April 18, 2014 as the discovery cut-off, which was the date requested by the parties. *See Sched. Order* [#42] at § 9(b). That allowed the parties four months to conduct non-expert discovery. At that time, the parties and the Court were in agreement that four months was enough time for the parties to conduct non-expert discovery. Defendant asserts in the Motion, however, that "Plaintiff has during the discovery period asserted additional

allegations of loan defects not previously alleged in its pleadings." *Motion* [#45] at 3. Defendant states that the two-hour deposition is needed so it can "discover certain facts surrounding [Plaintiff's] loan servicer's investigation of the alleged loan defects, Plaintiff's alleged indemnification payment to a third-party, and its computation of damages." *Id.* Plaintiff does not dispute this assertion. Accordingly, based on Defendant's assertion that it did not know of these additional allegations of loan defects at the time the Court entered the Scheduling Order, the Court finds that the need for additional discovery was not foreseeable. Therefore, the Court finds that the fifth factor weighs in favor of allowing amendment of the Scheduling Order.

**F.      Relevant Information**

The sixth factor addresses the likelihood that the discovery will lead to relevant evidence. *Smith*, 834 F.2d at 169. Pursuant to Fed. R. Civ. P. 26(b)(1), any discovery sought must be relevant. Relevancy is broadly construed, and a request for discovery should be considered if there is "any possibility" that the information sought may be relevant to the claim or defense of any party. *See, e.g.*, *Sheldon v. Vermonty*, 204 F.R.D. 679, 689-90 (D. Kan. 2001). "When the discovery sought appears relevant, the party resisting the discovery has the burden to establish the lack of relevancy by demonstrating that the requested discovery (1) does not come within the scope of relevance as defined under Fed. R. Civ. P. 26(b)(1), or (2) is of such marginal relevance that the potential harm occasioned by discovery would outweigh the ordinary presumption in favor of broad disclosure." *Simpson v. Univ. of Colo.*, 220 F.R.D. 354, 359 (D. Colo. 2004) (citations omitted); *see also Cont'l Ill. Nat'l Bank & Trust Co. of Chicago v. Caton*, 136 F.R.D. 682, 685 (D. Kan. 1991) (stating that a party resisting discovery based on relevancy grounds bears the burden of

explaining how "each discovery request is irrelevant, not reasonably calculated to lead to the discovery of admissible evidence, or burdensome"). Further, the objecting party cannot "sustain this burden with boilerplate claims that the requested discovery is oppressive, burdensome or harassing." *Id.* (citation omitted). However, when a request for discovery is overly broad on its face or when relevancy is not readily apparent, the party seeking the discovery has the burden to show the relevancy of the request. *See Paradigm Alliance, Inc. v. Celeritas Tech., LLC*, No. 07-1121-MLB, 2008 WL 678700, at *2 (D. Kan. Mar. 7, 2008) (citation omitted).

Here, Defendant is seeking to depose Plaintiff's Rule 30(b)(6) representative "for the limited purpose of examining [Plaintiff's] allegations of loan defects specific to this case." *Motion* [#45] at 2. Defendant maintains that these allegations were asserted "during the discovery period." *Id.* at 3. Plaintiff offers no argument regarding the relevancy of this information, but, without further detail, it is logical to conclude that allegations of loan defects relating to the loan at issue in this case are relevant in this case. Therefore, the Court finds that the sixth factor weighs in favor of allowing amendment of the Scheduling Order.

Weighing the relevant factors, the Court concludes that allowing amendment of the Scheduling Order to extend the discovery cut-off to May 23, 2014[3] for the limited purpose

---

[3] Defendant requested an extension to May 19, 2014. *Motion* [#45] at 3. However, because of the time that has elapsed while this issue has been briefed, the Court is sua sponte providing the parties with additional time in which to schedule the deposition. If the parties are able to schedule the deposition prior to the May 19, 2014 expert discovery cut-off, that would be ideal. However, if they are not and the parties are unable to complete expert discovery prior to May 19, 2014 as a result of the deposition of Plaintiff's corporate representative being taken after that date, the parties may file a motion requesting an extension of that deadline.

of allowing Defendant to depose Plaintiff's Rule 30(b)(6) designee is warranted.

## V.  Conclusion

Accordingly, based on the foregoing,

IT IS HEREBY **ORDERED** that the Motion [#45] is **GRANTED**.  Accordingly,

IT IS FURTHER **ORDERED** that the fact discovery cut-off is extended to **May 23, 2014** for the limited purpose of allowing Defendant to depose Plaintiff's Rule 30(b)(6) designee.

IT IS FURTHER **ORDERED** that the deposition of Plaintiff's Rule 30(b)(6) designee shall be no more than **two hours**.

Dated:  May 7, 2014                                BY THE COURT:

*[signature]*

Kristen L.  Mix
United States Magistrate Judge